FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT S.,<br><br>      Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | NO. 2:22-CV-0149-TOR<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT are the parties' briefs seeking judgment in this case. ECF Nos. 13, 14. These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's request for remand, ECF No. 13, is DENIED, and Defendant's request to affirm the ALJ, ECF No. 14, is GRANTED.

**JURISDICTION**

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1    1115 (citation omitted).  The party appealing the ALJ's decision generally bears

2    the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

3    409–10 (2009).

**FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5            A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11   impairment must be "of such severity that [he or she] is not only unable to do [his

12   or her] previous work[,] but cannot, considering [his or her] age, education, and

13   work experience, engage in any other kind of substantial gainful work which exists

14   in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15           The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

17   404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 3

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

1    The claimant bears the burden of proof at steps one through four above.

2    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

3    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

4    capable of performing other work; and (2) such work "exists in significant

5    numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

6    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7    **ALJ'S FINDINGS**

8    On February 20, 2020, Plaintiff filed an application for Title II disability

9    insurance benefits and Title XVI supplemental security income benefits, alleging

10    an onset date of September 16, 2009.  Tr. 240–248.  The applications were denied

11    initially, Tr. 106–07, and again on reconsideration.  Tr. 136–37.  Plaintiff appeared

12    at a telephonic hearing before an administrative law judge ("ALJ") on December 7,

13    2021.  Tr. 78–105.  The ALJ denied Plaintiff's claim on January 24, 2022.  Tr. 29–

14    47.  On April 13, 2022, the Appeals Council denied review, (Tr. 18–23), making

15    the decision final for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981,

16    416.1481, 422.210.

17    The ALJ found Plaintiff meets the insured status requirements of the Social

18    Security Act through December 31, 2010.  Tr. 34.  At step one of the sequential

19    evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity

20    since September 16, 2009, the alleged onset date.  *Id*.  At step two, the ALJ found

Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, and ADHD.  Tr. 35.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments.  *Id.*  The ALJ then found Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [S]imple, routine, repetitive work; low stress work with no production pace conveyer belt type work (i.e., non-worker controlled status), a predictable work environment, occasional routine judgment, and occasional simple workplace changes; no public contact; brief and superficial interaction with coworkers with no team or tandem work; brief and superficial interaction with supervisors that can be up to occasional when necessary for training.

Tr. 36–37.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 40.  At step five, the ALJ found, based on Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as automobile detailer, cleaner II, and cleaner, lab equipment.  Tr. 41.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from September 16, 2009 through January 24, 2022, the date of the ALJ's decision.  Tr. 42.

**ISSUE**

Whether the ALJ properly evaluated the medical opinion evidence of Dr. Dyck and Dr. Genthe.  ECF No. 13 at 6.

**DISCUSSION**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Dr. Dennis Dyck and Dr. Thomas Genthe.  ECF No. 13 at 9–20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff's claims were filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or

contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.*

**A. Dennis Dyck, Ph.D.**

The ALJ found Dr. Dyck's opinion not persuasive as to workability issues on the grounds that it was not supported by his own examination or consistent with the longitudinal medical record. Tr. 39. The ALJ noted that Dr. Dyck conducted one mental evaluation via telehealth and concluded that Plaintiff's mental health prognosis was poor and guarded and opined that Plaintiff's ability to maintain regular work attendance and a complete normal workday or work week without interruption from mood symptoms was markedly impaired. *Id.*

As to supportability, the ALJ found that while Plaintiff's rambling was an indication of his anxiety, the findings showed Plaintiff's speech was non-pressured and within normal limits and Plaintiff's sustained concentration and persistence were adequate based on the brief concentration tasks of the evaluation. The ALJ accounted for Plaintiff's symptoms of anxiety in the RFC. Tr. 37.

As to consistency, the ALJ found the opinion inconsistent with Plaintiff's presentation during telehealth visits where he occasionally required redirect but

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

often appeared to be in a neutral space as evidenced by facial expressions and tone. *Id.* (citations to the record omitted).

The Court finds that the ALJ provided substantial evidence for finding Dr. Dyck's opinion not persuasive.

**B.  Dr. Genthe**

The ALJ found Dr. Genthe's opinion not persuasive.  Tr. 39.  The ALJ noted that Dr. Genthe conducted a DSHS psychological evaluation and found marked and severe limitations.  *Id.* (citation to the record omitted).

As to supportability, the ALJ found Dr. Genthe's opinion was solely based on Plaintiff's subjective complaints and clinical presentation at the one-time consultative evaluation, and that Dr. Genthe did not review other records as Dr. Genthe noted no records were provided.  *Id.*; *see* 20 C.F.R. §§ 404.1520c(b)(2), (c)(5), 416.920c(b)(2), (c)(5) (permissible to consider familiarity with the record). In contrast, the ALJ found that counseling records indicate that Plaintiff's mood and anxiety were stable with treatment – his anxiety was better, and his depression was 5/10 without suicidal ideations, and Plaintiff was using his mother's car and getting out of the house more often.  *Id.* (citation to the record omitted).

As to consistency, the ALJ found Dr. Genthe's opinion inconsistent with Plaintiff's activities of daily living described at the evaluation, i.e. that Plaintiff

typically schedules his own appointments, goes shopping for groceries and personal needs, independently performs household chores., etc.  *Id.*

The Court finds that the ALJ provided substantial evidence for finding Dr. Genthe's opinion not persuasive.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 13, is **DENIED.**

2. Defendant's Brief (effectively a motion for summary judgment), ECF No. 14, is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment for Defendant accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED May 19, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12